NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted September 16, 2009[*]
Decided September 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1676

|  |  |
|---|---|
| ERIC ELLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:08-cv-125-WTL-DML |
| FEDEX SMARTPOST, INC., | |
| *Defendant-Appellee.* | William T. Lawrence, |
| | *Judge*. |

**O R D E R**

Eric Ellis appeals the district court's grant of summary judgment on his claim that FedEx Smartpost, Inc., failed to promote him on account of his race, sex and other grounds. We affirm.

Smartpost consolidates and delivers high volumes of low-weight, business-to-consumer packages using the United States Postal Service for final residential delivery.  It opened an Indianapolis hub in October 2006 and soon thereafter hired Ellis as Parcel Assistant.  As part of his job, Ellis sorted, wrapped, and cut pallets.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

Ellis's grievances against Smartpost stem from its decision to promote other Parcel Assistants instead of him.  Because its office had just opened, Smartpost typically created new positions as needed, without any formal application process.  Ellis, who referred to himself as a "light-skinned" male, was upset that he was not chosen as a "team leader." Instead at a pre-shift employee meeting in April 2007, management selected Denise Ham, a white female, and Ben Riley, a white male.  Ellis resigned voluntarily the following month. In July Parcel Assistant Shelly Rush, a white female, was promoted.

Ellis filed suit, claiming that Smartpost failed to promote him due to his race, sex, and other grounds in violation of Title VII of the Civil Rights Act of 1964.  *See* 42 U.S.C. § 2000e-2.  He claimed that Smartpost improperly promoted three white employees, two of them female, instead of him.  He contended that he was more qualified because of his education (he had taken college courses), prior mail-handling experience, and experience working with pallets.

The district court granted Smartpost's motion for summary judgment, finding that Ellis could not establish a prima facie case of discrimination under Title VII based on failure to promote.  Specifically, the court found that Ellis had not shown that the position he sought was given to a person outside the protected class who was similarly or less qualified than he.  The court noted that the two persons promoted–Riley and Ham–were considered by their supervisor, Kim Shittu (who happened also to be Ellis's supervisor), to be well qualified.  According to Shittu, Smartpost promoted Riley and Ham because of their communication skills, work ethic, positive attitudes, and willingness to seek out additional responsibility.  The court discredited Ellis's self-serving statements about his superior work ethic, especially in light of Shittu's statement that he "showed very little initiative."  The court noted that it disregarded Rush's promotion because it occurred after Ellis had left Smartpost.

On appeal Ellis first asserts that the district court did not apply the correct legal standard when it ruled that he failed to establish a prima facie case of discrimination.  He contends that the court should have applied the standard set forth in a Tenth Circuit case, *Simms v. Okla. ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1328 (10th Cir. 1999), which does not require the promoted person to be similarly or less qualified than the plaintiff.  It requires only that the "position remained open or was filled with a non-minority." *Id.*

But the district court properly followed this circuit's approach, which has consistently required a plaintiff to show that he was at least as qualified as the promoted employees, *see, e.g., Hobbs v. City of Chi.*, 573 F.3d 454, 460 (7th Cir. 2009); *Jackson v. City of*

*Chi.*, 552 F.3d 619, 622 (7th Cir. 2009).  Ellis made no such showing, as the district court explained, and we decline the invitation to depart from our precedent.

Ellis next argues that the district court should have read his claim as asserting discrimination under 42 U.S.C. § 2000e-2 not just in the promotion process but also in conditions of employment.  Although he mentioned harsh work conditions in his complaint, Ellis forfeited this argument by failing to include it when responding to Smartpost's motion for summary judgment.  *See Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407-08 (7th Cir. 2007).  And to the extent Ellis asserts that such conditions were imposed in retaliation for a complaint he filed earlier about conditions, *see* 42 U.S.C.A. § 2000e-3(a), he waived that claim by not addressing it in his complaint. *See Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002).

Ellis also argues that the district court should not have credited Smartpost's reasons for promoting Riley and Ham.  He asserts, without explanation, that Smartpost's reasoning was "post hoc," and notes that Smartpost had no application process for promotions, let alone any record that he was unable to perform his job.  But as the district court found, Ellis presented no evidence that Smartpost's stated reasons for its promotional decisions were dishonest.  *See Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 577-78 (7th Cir. 2003).  In any event, the absence of any negative work record for Ellis is irrelevant; as the district court properly concluded, Ellis failed to show that his credentials were so superior to those of Riley and Ham that no reasonable person could have promoted them over him.  *See Jordan v. City of Gary, Ind.*, 396 F.3d 825, 834 (7th Cir. 2005).

Finally, Ellis asserts that the district court should have considered two unreported discrimination cases against Federal Express (cited in his response to Smartpost's motion for summary judgment) to show that Smartpost has a history of discriminatory practices.  *See Satchell et al. v. FedEx Exp.*, No. 3:03-cv-2659 (N.D. Cal. notice of removal filed June 6, 2003); *EEOC v. FedEx Corp.*, No. 6:02-cv-1112-JA-DAB (M.D. Fl. filed September 27, 2002).  But the district court did consider these decisions and found no clear nexus between them and the practices at Smartpost's Indianapolis office.  Ellis did not assert that the plaintiffs in those cases shared any of the same supervisors or management as he did, *see, e.g., Williams v. Wendler*, 530 F.3d 584, 588 (7th Cir. 2008); *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 630 (7th Cir. 2006), and the district court properly found the connection to Smartpost too remote to support any pattern of discrimination.

AFFIRMED.